UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
STRIKE 3 HOLDINGS, LLC,                                           :
:
                  Plaintiff,                              :
:
         -v-                                             :
:
JOHN DOE,                                                         :
:
                  Defendant.                             :
:
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/20/2024

25-cv-4667 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

    Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") moves for leave to serve a third-party subpoena on Spectrum, the internet service provider of Defendant John Doe ("John Doe" or "Defendant"), pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure. Dkt. No. 6. Plaintiff seeks to ascertain the identity of John Doe, who, it claims, is illegally distributing its copyrighted content through peer-to-peer file sharing. For the reasons set forth below, Plaintiff's motion is granted.

## BACKGROUND

    Strike 3 is an owner and distributor of adult films. Dkt. No. 1 ("Compl.") ¶¶ 2–3. Strike 3 alleges that John Doe is illegally downloading and distributing Strike 3's films through the BitTorrent protocol, a system designed to distribute large files through the internet. *Id.* ¶ 4. Strike 3 has identified John Doe only through an IP address. *Id.* ¶ 5. Thus, Strike 3 moves for leave to serve a third-party subpoena on Spectrum, John Doe's internet service provider, as it is "the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity." Dkt. No. 7 at 1.

Strike 3 is a serial litigant. Over the last few years, it "has brought thousands of cases exactly like this one in courts around the country." *Strike 3 Holdings, LLC v. Doe*, 2022 WL 4448751, at *1 (S.D.N.Y. Sept. 23, 2022) (quoting *Strike 3 Holdings, LLC v. Doe*, 2019 WL 5459693, at *1 (S.D.N.Y. Oct. 9, 2019)). In support of Plaintiff's claims, it has submitted three declarations describing how Strike 3 detected John Doe's alleged infringement and ascertained Verizon is Doe's internet service provider. Dkt. Nos. 7-1, 7-2, 7-3.

## DISCUSSION

Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Courts grant such orders according to a "flexible standard of reasonableness and good cause." *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019) (Nathan, J.) (citation omitted). The Second Circuit has held that there are five principal factors a court should consider when deciding whether a party has established good cause for purposes of Rule 26(d)(1):

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actional harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (quoting *Sony Music Ent. Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004) (Chin, J.)).

## ANALYSIS

Plaintiff has shown that the *Arista* factors weigh in favor of granting it leave to serve a third-party subpoena on Spectrum.

First, it has made a prima facie showing of copyright infringement. In order to make out a prima facie case, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of

2

constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Plaintiff has adequately alleged that it owns a valid copyright in its videos, which are registered with the United States Copyright Office.  Compl. ¶ 46, Ex. A.  As for the second element of the allegation, the distribution of copyrighted material through file sharing services qualifies as copyright infringement.  *See, e.g.*, *Sony Music*, 326 F. Supp. 2d at 565–66 ("[T]he use of [peer-to-peer] systems to download and distribute copyrighted music has been held to constitute copyright infringement.").  Plaintiff has alleged that John Doe transmitted Plaintiff's works through file sharing and has presented declarations and forensic evidence supporting that allegation.  Dkt. Nos. 1-1, 7-1, 7-2, 7-3.  Thus, Plaintiff has made out a prima facie case of copyright infringement.

Second, Plaintiff has made a sufficiently specific discovery request.  Strike 3's request is limited to the name and address of the subscriber associated with Defendant's IP address.  Courts addressing similar cases involving Plaintiff have determined that this information "is limited to a highly specific set of facts."  *See, e.g.*, *Strike 3*, 2019 WL 5459693, at *3 (quoting *Strike 3 Holdings, LLC v. Doe*, 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018)).  The limited information is needed in order to allow Plaintiff to serve Defendant and is "sufficiently specific to accomplish that end."  *Strike 3 Holdings, LLC v. Doe*, 2021 WL 5810934, at *2 (S.D.N.Y. Dec. 6, 2021) (citation omitted).

Third, Strike 3 has shown that it cannot obtain the information any other way.  It alleges that BitTorrent software is "largely anonymous except insofar as it requires a user to broadcast the user's IP address."  Dkt. No. 7 at 7 (quoting *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012)).  The only entity that can connect a user's IP address to their identity

is the user's internet service provider. Thus, Strike 3 has adequately shown that it cannot obtain the user's identity through an alternative means.

Fourth, the information is needed to advance the claim. Congress has given Strike 3 a right to protect its material. The Court does not judge the value of that material. Strike 3 argues that it cannot exercise its rights and protect its material without first ascertaining John Doe's identity and then serving Defendant. *Id.* at 8. Unless the ISP identifies the user, the case cannot move forward.

The fifth and final factor asks whether the subpoena should be granted in light of the party's expectation of privacy. Courts in this Circuit have held that "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Strike 3 Holdings, LLC v. Doe*, 2019 WL 4493342, at *2 (S.D.N.Y. Aug. 21, 2019) (quoting *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013)). Plaintiff's interest in learning Defendant's name for the purpose of service outweighs this minimal privacy interest.

Thus, the *Arista* factors weigh in favor of granting Strike 3's request. In cases involving the distribution of adult content, however, courts have regularly found that a protective order should issue in connection with the subpoena "in light of the substantial risk for false positive identifications that could result in 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Strike 3 Holdings*, 329 F.R.D. at 522 (quoting Fed. R. Civ. P. 26(c)(1)). In particular, the Court will direct the ISP to serve John Doe with a copy of the subpoena and will accord John Doe 60 days from the date of service of the subpoena to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Such procedure strikes the appropriate balance between Plaintiff's rights and Defendant's privacy interests. Moreover, Strike 3 does not object to such an order, noting that it "respectfully encourages the Court to establish such procedures here, should

the Court find it appropriate." Dkt. No. 7 at 9.  Thus, the Court concludes that there is good cause to issue a protective order in connection with the subpoena.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted.  The Court will issue a protective order in connection with the subpoena.

Accordingly, IT IS HEREBY ORDERED that Strike 3 may serve a Rule 45 subpoena on Spectrum, the ISP identified in its motion, to obtain information to identify John Doe, specifically their true name and current and permanent address.  Strike 3 shall not request any additional information, including, but not limited to, an email address or telephone number.  The subpoena shall have a copy of this Order attached, along with the attached "Notice to Defendant."

IT IS FURTHER ORDERED that Spectrum will have 60 days from the date of service of the Rule 45 subpoena upon it to serve John Doe with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant."  Spectrum may serve John Doe using any reasonable means, including written notice sent to John Doe's last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that John Doe will have 60 days from the date of service of the subpoena to file any motion with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.  If John Doe decides to contest the subpoena, John Doe shall at the same time notify Spectrum so that it is on notice not to release any of John Doe's contact information to Strike 3 until the Court rules on any such motion.

IT IS FURTHER ORDERED that if neither John Doe nor Spectrum contests the subpoena within the 60-day period, Spectrum shall have 10 days to produce the information responsive to

the subpoena to Strike 3; and that any information disclosed to Strike 3 in response to the subpoena may be used by Strike 3 solely to protect its rights as set forth in its complaint.

SO ORDERED.

Dated: June 20, 2025
      New York, New York

                                         LEWIS J. LIMAN
                                   United States District Judge

**NOTICE TO DEFENDANT**

1. You are a defendant in *Strike 3 Holdings, LLC v. John Doe*, 1:25-cv-4667-LJL, a case now pending before the Honorable Lewis J. Liman, United States District Judge for the Southern District of New York.

2. Attached is Judge Liman's Order, dated June 20, 2025, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in paragraph 3.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed *pro se*, your letter should be mailed to the *Pro Se* Office, as described in paragraph 3. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.